UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH CUCINIELLO,

v.                                      Case No. 8:02-cr-111-T-17MAP
                                                 8:10-cv-1209-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on the Government's motion for dismissal of Cuciniello's motion to vacate, set aside, or correct sentence as time-barred under section 2255 (Doc. cv-1; cr-1909) and to stay this Court's May 28, 2010, Order directing the United States to respond on the merits to Cuciniello's section 2255 motion, pending a ruling on the motion to dismiss. (Doc. 14)

**BACKGROUND**

On November 16, 2004, a grand jury sitting in the Middle District of Florida returned a second superseding indictment charging Joseph Cuciniello and others with conspiracy to commit securities fraud, wire fraud, and mail fraud, in violation of 18 U.S.C. § 371, five counts of securities fraud, in violation of 15 U.S.C. § 78j(b) and 18 U.S.C. § 2, three counts of selling unregistered securities, in violation of 15 U.S.C. § 77e(a) and 18 U.S.C. § 2, thirteen counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), eight counts of engaging in illegal monetary transactions, in violation of 18 U.S.C. §§ 1957 Case 8:10-cv-01209-EAK-MAP Document 14 Filed 08/25/10 Page 1 of 13 and 2, and seven counts of laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. D-577.

After a three-month trial, a jury convicted Cuciniello of the overarching conspiracy count, one count of securities fraud, three counts of selling unregistered securities, eight counts of mail fraud, conspiracy to commit money laundering, seven counts of engaging in illegal monetary transactions, and seven counts of money laundering. D-979. This Court sentenced Cuciniello to 210 months' imprisonment. D-1179, D-1183. Cuciniello directly appealed his conviction and sentence. D-1176.

On March 17, 2008, the Eleventh Circuit affirmed Cuciniello's conviction and sentence. *See United States v. Tyrrell*, 269 Fed. App'x 922 (11th Cir. 2008).[1] D-1871, Attachment D1. Cuciniello did not seek further review in the Supreme Court. See Attachments D1-D5.

On May 26, 2010, Cuciniello filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. D-cv-1. In his motion, Cuciniello asserts:

> (1) His appellate counsel was ineffective in his "refus[al]" to submit a motion Cuciniello wanted to file concerning alleged "governments criminal mis-conduct." Cuciniello alleges the government's expert on securities, Charles Stutts, varied his testimony between the two trials causing "the three (3) federal charges 15:USC:77e(a) Sale of Unregistered Securities (counts 7, 8, & 9)" as "false charges rending the indictment defective and void." D-cv-1 at 5-7;
>
> (2) The government's use of "wrongfully seized" records from his storage facility denied him the use of "exculpatory evidence." D-cv-1 at 8-10;
>
> (3) Various changes to the Court's transcript dated February 28, 2005, indicate not only "intentional 'hacking' into the federal courthouse computers" but such actions also indicate a "cover-up" as to the seizure of Cuciniello's business records from his storage facility and the nonexistence of the

---

[1] The government attached, to their response, Attachments D1 through D5 which are copies of Westlaw KeyCite history for Eleventh Circuit Appeal No. 05-14492, negative Supreme Court docket query for "Cuciniello," co-defendant Tyrrell's Supreme Court docket for No. 08-910, codefendant Sinibaldi's Supreme Court docket for No. 08-590, and Eleventh Circuit docket for No. 05-14492, respectively.

Stipulation Agreement. D-cv-1 at 12-14; and

(4) A violation of the Petit Policy barring a "federal prosecution based on the same acts" unless "approved by the Assistant Attorney General." D-cv-1 at 15-16.

For the reasons cited below, Cuciniello's motion to vacate is untimely.

## DISCUSSION

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Title 28, United States Code, Section 2255 contains a one-year limitation period on habeas motion by federal prisoners which, as applied in this case, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f).

Section 2255 itself does not define when a conviction "becomes final." The Supreme Court ended ongoing dispute about calculating timeliness of section 2255 motions, however, when it clearly and unambiguously stated: "We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, section 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Hence, per the clear rule of Clay, Cuciniello's convictions became final upon the expiration of his deadline for seeking Supreme Court review of the Eleventh Circuit's opinion denying his appeal. Cuciniello's convictions became final on December 29, 2009.

Supreme Court Rule 13 governs deadlines for filing petitions for Supreme Court review of appellate decisions. It provides, in pertinent part:

1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals [] is timely when it is filed with the Clerk

3

of this Court within 90 days after entry of the judgment.[]

2. The Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time.[]

3. The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties [] runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

The Eleventh Circuit opinion affirming Cuciniello's convictions and sentence was filed on March 17, 2008. *United States v. Tyrrell*, 269 Fed. App'x 922 (11th Cir. 2008). Cuciniello does not dispute this fact. See D-cv-1 at 3. Cuciniello acknowledges filing a petition for rehearing. Id. Cuciniello states that his section 2255 motion is timely by relying on the petition for certiorari filed by co-defendant Tyrrell. D-cv-1 at 20. Cuciniello further claims because Tyrrell's petition was denied on June 19, 2009, the one-year deadline for filing his section 2255 motion became June 19, 2010. Id. He is mistaken.

As the Supreme Court's docket in Attachment D3 clearly reflects, Tyrrell's petition was denied on June 15, 2009 and nothing in the Supreme Court rules or the holding in *Clay* allows Cuciniello to benefit from a co-defendant's denial of certiorari to extend the finality of his own conviction when failing to separately petition for certiorari. Cuciniello had ninety days from the denial of his petition for rehearing on September 29, 2008–*i.e.*, December 29, 2008–to file his own petition for review by the Supreme Court of his judgment. When Cuciniello did not file any such petition, his conviction became final for section 2255 purposes on December 29, 2008, making the last day he could file a section 2255 motion

December 29, 2009. By filing his section 2255 motion on May 10, 2010,[2] five months past the filing deadline, Cuciniello's motion is untimely. See 28 U.S.C. § 2255 ¶ (f)(1). Thus, this Court is without authority to address the Cuciniello's section 2255 motion because the one-year period of limitations had expired before he filed his motion. Accordingly, the motion is untimely absent equitable tolling.[3]

It is generally accepted, although never specifically confirmed by the Supreme Court, that claims of error raised in an untimely section 2255 petition may, nonetheless, be considered under very limited circumstances. First, the doctrine of equitable tolling may provide a petitioner with additional time in which to prepare and file his claims. Second, a defaulted claim by a federal prisoner may merit review under section 2255 if new evidence supports a claim of actual innocence sufficient to implicate a fundamental miscarriage of justice.

Cuciniello does not assert actual innocence. See generally, D-cv-1. Even if this Court were to look at Cuciniello's claims on the merits, he would still be unable to obtain any relief. To the extent Ground One addresses the sufficiency of the evidence, the Eleventh Circuit's review forecloses that claim. *Tyrrell*, 269 Fed. App'x at 934-935. In Grounds One, Two, and Three Cuciniello makes a Fourth Amendment claim regarding the storage facility. No relief would be available on the grounds he alleges because Cuciniello stipulated to the facts regarding how the records were obtained from the storage unit after

---

[2] 2Giving benefit of mailbox rule pursuant to *Houston v. Lack*, 487 U.S. 487 U.S. 266, 276 (1988) (holding that habeas petitions are deemed filed with the district court to whom they are addressed on the day inmates present the documents to prison officials for mailing).

[3] *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition").

abandonment (see D-cv-13 and Stipulation filed February 28, 2005) and to the extent that he wishes to relitigate that issue by falsely alleging that the search did not occur in the manner he stipulated to, Cuciniello bears the burden of proving, through competent evidence, that his rights were violated during the government's investigation, which he has not done here. In any event, Grounds One through Three would also be barred because this type of claim is also not cognizable in a motion to vacate. Fourth Amendment violations are not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("where the State has provided an opportunity to full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). Lastly, a violation of the Petite policy, a claim Cuciniello advances in Ground Four without any support, is not present here. In *Petite v. United States*, 361 U.S. 529, 530 (1960), the Supreme Court recognized the policy when the Government sought to have a conviction vacated based upon its policy of refraining from multiple prosecutions arising out of the same conduct. The Petite Policy is based upon the fair exercise of justice and efficient exercise of law enforcement resources. *Id.* The policy, however, is inapplicable where there has been no determination of guilt or innocence in a state prosecution, and no burden of trial on a defendant. *United States v. Nelligan*, 573 F.2d 251, 254 (5th Cir. 1978), citing, *Rinaldi v. United States*, 434 U.S. 22, 28 (1977). Cuciniello's claim that no "official approval" exists for his prosecution following a state investigation is a concession that he was not prosecuted by the State of Florida for the instant offenses. See D-cv-1 at 16. As such, the Petite Policy is not applicable on these facts.

6

**Cuciniello Cannot Demonstrate an Exception to the One-Year Limitations Period**

Each of the exceptions to the one-year limitations period (equitable tolling and a claim of actual innocence based on new evidence) carries a very high burden which a petitioner must meet before the district court may even consider the merits of an otherwise-barred allegation of error. Cuciniello's motion makes no claim to either potential exception to the statute of limitations, and no basis for either exception is evident in the record.

**There is no basis for equitable tolling.**

The Eleventh Circuit has held that the one-year time limitation in section 2255 actions may be equitably tolled. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000), citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate in cases when a petitioner's motion is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted). To establish eligibility for equitable tolling, a petitioner must show: "'(I) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Equitable tolling "is a remedy that must be applied sparingly." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d at 1286. Equitable tolling "is an extraordinary remedy which is generally applied sparingly." *Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000).

AEDPA's one-year limitation begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.§ 2255(t)(4). Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. *See Diaz v. Sec'y for the Dep't of Corr.,* 362 F.3d 698, 702 (11th Cir. 2004). In *Miller v. Florida*, 307 Fed. App'x 366, 368 (11th Cir. 2009), the Eleventh Circuit stated:

> [A]n Appellant carries the burden of showing that he was diligent in his efforts to file timely and that the extraordinary and unavoidable circumstances prevented the Appellant from filing timely. *See Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). 'A truly extreme case is required.' *Id.*

Cuciniello acknowledges his petition for rehearing was denied on September 29, 2008. D-cv-1 at 4. Cuciniello's response as to why he did not further appeal the Eleventh Circuit's denial was based on his belief "given the fact that the appeals Court denied the petition for Rehearing without giving any explanation only proves the court had no legal position to defend its decision." D-cv-1 at 5. In the timeliness section of his motion, Cuciniello asserts that based on this Court's October 6, 2009 order (D-1894) he believes the one-year period to file his section 2255 motion ran from the denial of co-defendant Tyrrell's petition for certiorari on June 19, 2009, making Cuciniello's deadline for timely filing of his section 2255 motion June 19, 2010. D-cv-1 at 20. Contrary to Cuciniello's assertion, his failure to timely file a petition for certiorari for further review with the Supreme Court made his section 2255 motion due 90 days after the denial of rehearing at the Eleventh Circuit, December 29, 2009. Cuciniello failed to seek further review. See Attachment D2.

While co-defendants Tyrrell and Sinibaldi did timely file petitions, see Attachments D3 and D4, nothing in the Supreme Court rules extends Cuciniello's time for filing his

section 2255 motion based on a co-defendants' filing of a petition for certiorari. Nor does this Court's October 6, 2009, Order affect the calculations for determining the one-year period for filing Cuciniello's section 2255 motion. Cuciniello has not advanced any claim to equitable tolling. His motion fails to state any circumstances, extraordinary or otherwise, which prevented his filing his claims within the required one-year period. See D-cv-1. Moreover, no such circumstance is apparent from the record.

Cuciniello does not make the argument for the application of equitable tolling, but even if he did, he cannot satisfy the burden of demonstrating that equitable tolling is appropriate in this case. Although a petitioner may attempt to argue that he should be given the benefit of equitable tolling in an effort to excuse his failure to comply with the filing deadline, by a fair reading of his motion, Cuciniello has not even alleged, much less established, any circumstances surrounding his late filing that might justify an arguable basis for equitable tolling of the limitation period.[4] Cuciniello's mistaken calculation fails to satisfy either requirement for equitable tolling. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000)(citing Lewis v. Casey, 518 U.S. 343, 355 (1996) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment. The inmate must show that this inability caused him actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement."); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law and

---

[4] See Day, 547 U.S. at 199-200 (district courts may consider sua sponte the timeliness of a state inmate's habeas petition but must accord the parties fair notice and an opportunity to present their positions); see also Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (stating that the principles developed in habeas cases also apply to section 2255 motions) (citations omitted).

lack of legal training do not support tolling of AEDPA limitation); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (finding that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

Cuciniello has not shown that he lacks access to this Court. Given Cuciniello's ability to file the August 18, 2008 petition for rehearing in the Eleventh Circuit, and his subsequent district court filings concerning requests for bond and transcripts on November 18, 2008 (D-1872, D-1873), his motion to request withdrawal of counsel on January 6, 2009 (D-1878), and his motion for miscellaneous relief, specifically for production of court records to complete and file his section 2255 motion, dated September 10, 2009 (D-1888), all indicate Cuciniello's ability to freely petition both Courts with his requests for relief. In fact, Cuciniello in his motion for production, states he believes his filing deadline for submitting his section 2255 motion is October 6, 2009. D-1888 at 1. Cuciniello offers no explanation on his mistaken interpretation extending his filing period.

In *Clay v. United States,* 537 U.S. 522, 532 (2003) the Supreme Court held that finality attaches when the time for filing a petition of certiorari expires, triggering the one-year period to file for post-conviction relief. In October 2009 Cuciniello's one-year period had not expired; it did not do so until December 29, 2009. Nothing Cuciniello alleges in his current motion is newly discovered or previously unknown to him by the conclusion of his direct appeal and he fails to articulate any extraordinary circumstance that prevented him from timely filing his section 2255 motion. By falsely claiming his entitlement to a later filing period, Cuciniello simply is attempting to circumvent the strict filing rules governing the filing of section 2255 motions by relying on his co-defendants procedural history rather than his own. As Attachments D1-D5 clearly demonstrate, Cuciniello did not seek review from the

10

Supreme Court and his miscalculation of the limitation period does not excuse his late filing.

Cuciniello identifies no reason why he did not seek review from the Supreme Court on his own accord or why he was unable to timely file his section 2255 motion. Even if this Court were to consider Cuciniello's statement that he relied on the denial of a certiorari petition filed by a co-defendant as the operative date, his ignorance of the law does not justify equitable tolling. Cuciniello provides no explanation as to how his thinking changed regarding the filing deadline from "October 6, 2009" to "June 19, 2010." D-1888 at 1, D-cv-1 at 20. Any assertion by Cuciniello that he diligently prosecuted his case is contradicted by the facts; he offers no explanation of the time between the Eleventh Circuit's denial of his rehearing petition and his failure to seek further review with the Supreme Court and the expiration of the AEDPA's statute of limitations. Cuciniello simply neglected to timely file his section 2255 motion. By providing no other valid reason for missing the deadline, he fails to meet his burden in demonstrating equitable tolling should apply. The government's exhibits demonstrate that Cuciniello's filing is untimely and warrants dismissal on that basis. Cuciniello has not shown and cannot show why extraordinary circumstances apply to him in the late filing of his motion and therefore equitable tolling does not afford him any relief. Accordingly, Cuciniello is not entitled to equitable tolling and his section 2255 motion should be dismissed as untimely. In sum, Cuciniello's case has neither the extraordinary circumstances nor the due diligence on Cuciniello's part necessary to toll section 2255's one-year statute of limitations. Cuciniello's section 2255 motion was untimely filed on May 10, 2010, and must be denied as time-barred.

Accordingly, the Court orders:

That the government's motion to dismiss Cuciniello's motion to vacate as time-

barred (D-cv-14) is granted. Cuciniello's motion to vacate is denied. The Clerk is directed to enter judgment against Cuciniello and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on *SEPTEMBER 30* 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Jay G. Trezevant
Joseph Cuciniello

12

Date of Printing: Aug 18, 2010

## KEYCITE

**H** <u>U.S. v. Tyrrell,</u> 269 Fed.Appx. 922 (11th Cir.(Fla.),Mar 17, 2008) (NO. 05-14492)

### History

### Direct History

=>      <u>1</u> U.S. v. Tyrrell, 269 Fed.Appx. 922 (11th Cir.(Fla.) Mar 17, 2008) (Not selected for publication in the Federal Reporter, NO. 05-14492)

*Rehearing and Rehearing en Banc Denied by*

**H**      <u>2</u> U.S. v. Tyrrell, 284 Fed.Appx. 806 (11th Cir.(Fla.) Jun 09, 2008) (Table, NO. 05-14492-BB)

*AND Rehearing and Rehearing en Banc Denied by*

**H**      <u>3</u> U.S. v. Tyrrell, 307 Fed.Appx. 439 (11th Cir.(Fla.) Sep 29, 2008) (Table, NO. 05-14492-BB)

*AND Certiorari Denied by*

**H**      <u>4</u> Sinibaldi v. U.S., 129 S.Ct. 663, 172 L.Ed.2d 616, 77 USLW 3282, 77 USLW 3318, 77 USLW 3324 (U.S. Dec 01, 2008) (NO. 08-590)

*AND Certiorari Denied by*

**H**      <u>5</u> Tyrrell v. U.S., 129 S.Ct. 2790, 174 L.Ed.2d 290, 77 USLW 3437, 77 USLW 3674, 77 USLW 3678 (U.S. Jun 15, 2009) (NO. 08-910)

*AND Post-Conviction Relief Denied by*

**H**      <u>6</u> Sinibaldi v. U.S., 2010 WL 2933057 (M.D.Fla. Jul 23, 2010) (NO. 8:02-CR-00111-EAKMAP, 8:09-CV-2440-T-17MAP)

### Court Documents

### Appellate Court Documents (U.S.A.)

**U.S. Appellate Petitions, Motions and Filings**

     <u>7</u> Tyrrell v. United States of America, 2008 WL 5537238 (Appellate Petition, Motion and Filing) (U.S. Sep. 4, 2008) **Petition for Writ of Certiorari** (NO. 08-910)

     <u>8</u> Sinibaldi v. United States of America, 2008 WL 4792493 (Appellate Petition, Motion and Filing) (U.S. Oct. 29, 2008) **Petition for Writ of Certiorari** (NO. 08-590)

     <u>9</u> Tyrrell v. United States of America, 2009 WL 1354417 (Appellate Petition, Motion and Filing) (U.S. May 2009) **Brief for the United States in Opposition** (NO. 08-910)

     <u>10</u> Tyrrell v. United States of America, 2009 WL 1655122 (Appellate Petition, Motion and Filing) (U.S.

© 2010 Thomson Reuters. All rights reserved.

# SUPREME COURT
## OF THE UNITED STATES

Search: ⦿ All Documents ○ Docket Files

For Search Term: [ cuciniello ]

[ Search ]  [ Help ]

Home : Docket

🖨 Printer-Friendly Version



## Docket

**Supreme Court Documents**

| | |
|---|---|
| Docket | ▶ |
| Oral Arguments | ▶ |
| Merits Briefs | ▶ |
| Bar Admissions | ▶ |
| Court Rules | ▶ |
| Case Handling Guides | ▶ |
| Opinions | ▶ |
| Orders and Journals | ▶ |

**Supreme Court Information**

| | |
|---|---|
| About the Supreme Court | ▶ |
| Visiting the Court | ▶ |
| Public Information | ▶ |
| Jobs | ▶ |
| Links | ▶ |

The automated docket system is the Court's case tracking system. It contains information about cases, both pending and decided. The docket provided on this page contains information regarding the status of cases for both the current Term and the prior Term. The Court's Term begins on the first Monday in October and ends on the preceding day the next year. The October Term 2010 begins on October 4, 2010. Information on the docket is updated on the day after an entry is made on the docket.

Users can search for cases by using a Supreme Court docket number, a lower court docket number, or a case name. The format for Supreme Court docket numbers is "Term year-number" (e.g., 06-123; 07-12; 06-5001.). Word searches can also be accomplished.

**Questions Presented.** Internet users can review the Questions Presented in granted and noted cases simply by clicking on the hyperlink located within the Docket's case summary information for a particular case. For example, when a user accesses the docket information for case number 07-330, a hyperlink will appear just beneath the decision date within the case summary information. Once the hyperlink is clicked, the user will be linked to a .pdf file setting forth the Question(s) Presented in the case.

Search for: [ cuciniello ]  [ Search ]

No items found for:**cuciniello**

- Recent Filings in Original Nos. 1, 2 & 3
- Case Distribution Schedule
- Delivery of Documents to the Clerk's Office
- On-Line MERITS BRIEFS
- Special Master Reports

*D3*



# SUPREME COURT
## OF THE UNITED STATES

Home  Search Results

Search: ○ All Documents ⊙ Docket Files
For Search Term: [          ]   [Search] [Help]

⌐ Printer-Friendly Version

### Supreme Court Documents

| | |
|---|---|
| Docket | ▶ |
| Oral Arguments | ▶ |
| Merits Briefs | ▶ |
| Bar Admissions | ▶ |
| Court Rules | ▶ |
| Case Handling Guides | ▶ |
| Opinions | ▶ |
| Orders and Journals | ▶ |

### Supreme Court Information

| | |
|---|---|
| About the Supreme Court | ▶ |
| Visiting the Court | ▶ |
| Public Information | ▶ |
| Jobs | ▶ |
| Links | ▶ |

No. 08-910
Title:
    Gene A. Tyrrell, Petitioner
        v.
    United States

Docketed:    January 22, 2009
Lower Ct:    United States Court of Appeals for the Eleventh Circuit
  Case Nos.:   (05-14492)
  Decision Date:  March 17, 2008
  Rehearing Denied:  June 9, 2008

~~~Date~~~    ~~~~~~~Proceedings  and  Orders~~~~~~~~~~~~~~~~~~~~~~
Sep 4 2008    Petition for a writ of certiorari filed. (Response due February 23, 2009)
Jan 27 2009    Waiver of right of respondent United States to respond filed.
Feb 4 2009    DISTRIBUTED for Conference of February 20, 2009.
Feb 11 2009    Response Requested . (Due March 13, 2009)
Mar 5 2009    Order extending time to file response to petition to and including April 13, 2009.
Apr 8 2009    Order further extending time to file response to petition to and including May 13, 2009.
May 13 2009    Brief of respondent United States in opposition filed.
May 26 2009    DISTRIBUTED for Conference of June 11, 2009.
Jun 9 2009    Reply of petitioner Gene A. Tyrrell filed. (Distributed)
Jun 15 2009    Petition DENIED.

| ~~Name~~~~~~~~~~~~~~~~~~~~~~~~ | ~~~~~~Address~~~~~~~~~~~~~~~~~~ | ~~Phone~~~ |
|---|---|---|
| **Attorneys for Petitioner:** | | |
| Gene A. Tyrrell | 80041-008 | |
| | P.O. Box 5000 | |
| | Florence, CO  81226-5000 | |
| Party name: Gene A. Tyrrell | | |
| **Attorneys for Respondent:** | | |
| Elena Kagan | Solicitor General | (202) 514-2217 |
| | United States Department of Justice | |
| | 950 Pennsylvania Avenue, N.W. | |
| | Washington, DC  20530-0001 | |
| | SupremeCtBriefs@USDOJ.gov | |
| Party name: United States | | |

Search



OF THE UNITED STATES

Search: ○ All Documents ⊙ Docket Files
For Search Term:

[Search] [Help]

Home | Search Results

⌐' Printer-Friendly Version

⊠ Supreme Court Documents

Docket ▶
Oral Arguments ▶
Merits Briefs ▶
Bar Admissions ▶
Court Rules ▶
Case Handling Guides ▶
Opinions ▶
Orders and Journals ▶

No. 08-590
Title:
     Dean A. Sinibaldi, Petitioner

     v.

     United States
Docketed:    November 4, 2008
Lower Ct:    United States Court of Appeals for the Eleventh Circuit
  Case Nos.:   (05-14492)
  Decision Date:  March 17, 2008
  Rehearing Denied:  July 30, 2008

~~~Date~~~    ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~~~
Oct 29 2008    Petition for a writ of certiorari filed. (Response due December 4, 2008)
Nov 7 2008    Waiver of right of respondent United States to respond filed.
Nov 10 2008    DISTRIBUTED for Conference of November 25, 2008.
Dec 1 2008    Petition DENIED.

⊠ Supreme Court Information

About the Supreme Court ▶
Visiting the Court ▶
Public Information ▶
Jobs ▶
Links ▶

~~Name~~~~~~~~~~~~~~~~~~~~~   ~~~~~~~Address~~~~~~~~~~~~~~~~~~~   ~~Phone~~~
**Attorneys for Petitioner:**
Douglas A. Trant              900 S. Gay Street          (865) 525-9780
                             Suite 1502 Riverview Tower
                             Knoxville, TN 37902

Party name: Dean A. Sinibaldi
**Attorneys for Respondent:**
Gregory G. Garre           Solicitor General          (202) 514-2217
                             United States Department of Justice
                             950 Pennsylvania Avenue, N.W.
                             Washington, DC 20530-0001

Party name: United States

LexisNexis CourtLink - Show Docket

D5

# U.S. Circuit Court of Appeals

U.S. Circuit Court of Appeals - First Circuit

## 05-14492

## USA v. Gene A. Tyrrell

### This case was retrieved from the court on Wednesday, August 18, 2010

|  |  |
|---|---|
| Case Number: | 05-14492 |
| Date Filed: | 08/16/2005 |
| Date Full Case Retrieved: | 08/18/2010 |
| Status: | Closed |
| NOS Description: | (999); Appeal |

[ Summary ][ Associated Cases ][ Participants ][ Proceedings ][ Pending Motion ][ Brief ][ History ][ Additional Case ]

## No Information is Available for this case

| Case Number | Relationship | Lead Case | Member Case | Additional Information |
|---|---|---|---|---|
| 05-14420-B | Related | | | Short Style: In Re: Gregory G. Schultz, Status: Closed |
| 05-14421-B | Related | | | Short Style: In Re: Gregory G. Schultz, Status: Closed |
| 05-14614-Bb | Multi | | | Short Style: USA v. Dean A. Sinibaldi, Status: Closed |
| 05-15290-Bb | Multi | | | Short Style: USA v. Joseph Cuciniello, Status: Closed |
| 06-11673-Bb | Related | | | Short Style: USA v. Gregory G. Schultz, Status: Closed |
| 07-11735-Bb | Related | | | Short Style: USA v. Gregory G. Schultz, Status: Closed |

**Litigant**

Gene A. Tyrrell
Appellant
Address Not On File
E-Brief Tendered: Appellant filed on 02/09/2006
Appellant Brief Filed filed on 02/13/2006
Record Excerpts filed on 02/13/2006
E-Brief Tendered: Reply filed on 02/06/2007
E-Brief Tendered: Reply filed on 02/06/2007
Reply Brief Filed filed on 02/08/2007
Fees: Paid on 08/10/2005


Dean A. Sinibaldi
Appellant
Address Not On File
Appellant Brief Filed filed on 02/08/2006

**Attorney**

Ralph E. Musilli
Musilli, Brennan & Letvin, PLLC
24001 Greater Mack Ave
St Clr Shores, MI 48080-1407
(586) 778-0900
Fax: (586) 778-1204
District Court Appointed
No Briefing Information Found.


George E. Tragos
The Law Office of Tragos & Sartes
601 Cleveland St Ste 800
Clearwater, FL 33755-4169

Record Excerpts filed on 02/08/2006
E-Brief Tendered: Appellant filed on 02/09/2006
Reply Brief Filed filed on 02/08/2007
Supplemental Authority for Appellant filed on 07/30/2007
Fees: Paid on 08/19/2005

Joseph Cuciniello (40774-018)
Appellant
PO Box 1031
Coleman, FL 33521-1031
Appellant Brief Filed filed on 10/23/2006
Record Excerpts filed on 10/23/2006
E-Brief Tendered: Appellant filed on 11/14/2006
Fees: IFP on 09/20/2005

United States of America
Appellee
Address Not On File

Initial Service

Initial Service

Initial Service

(727) 441-9030
Fax: (727) 441-9030
george(at)greeklaw.com
No Briefing Information Found.

Grady Charles Irvin, Jr.
Irvin Law Firm, L.L.C.
1207 N Himes Ave Ste 4
Tampa, FL 33607-5041
(813) 554-3282
Fax: (813) 554-3292
grady(at)irvinattorneys.com
Appointed by District Court
No Briefing Information Found.

Peter Anthony Sartes
Attorney at Law
601 Cleveland St Ste 800
Clearwater, FL 33755-4169
(727) 441-9030
Fax: (727) 441-9254
peter(at)greeklaw.com
No Briefing Information Found.

Todd B. Grandy
U.S. Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6132
Fax: (813) 274-6102
Todd.Grandy(at)usdoj.gov
Appellee Brief Filed filed on 01/23/2007
E-Brief Tendered: Appellee filed on 01/23/2007

Adelaide G. Few
United States Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(913) 274-6325
adelaide.few(at)usdoj.gov

Jay Gilchrist Trezevant
U.S. Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6076
Fax: (813) 274-6103
jay.trezevant(at)usdoj.gov

Michael Edward Runyon
Asst. U.S. Attorney - U.S. Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798

(813) 274-6100
michael.runyon(at)usdoj.gov

Initial Service

Tonya L. Shotwell
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6322
Fax: (813) 274-6220
tonya.shotwell(at)usdoj.gov

Initial Service

Rachelle DesVaux Bedke
U.S. Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6354
Fax: (813) 274-6103
rachelle.bedke(at)usdoj.gov

Initial Service

Robert E. O'Neill
EX U.S. Attorney-Middle Dist. of FL
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6337

Initial Service

David Paul Rhodes
United States Attorney's Office
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6305
Fax: (813) 274-6102
David.Rhodes(at)usdoj.gov

Initial Service

Patricia A. Willing
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6000

Initial Service

Yvette Rhodes
400 N Tampa St Ste 3200
Tampa, FL 33602-4798
(813) 274-6330
Fax: (813) 274-6102
Yvette.Rhodes(at)usdoj.gov

Initial Service

Roberta Josephina Bodnar
U.S. Attorney's Office
501 W Church St Ste 300
Orlando, FL 32805-2281
(407) 648-7500
Fax: (407) 648-7643
roberta.bodnar(at)usdoj.gov

| Date | Details |
|---|---|
| 03/12/2004 | Transcript Already Filed in D.C. - 3/3/04 Faretta Hearing (Doc. # 366): (Atty: Grady Charles Irvin, Jr.) |
| 06/08/2004 | Transcript Already Filed in D.C. - 5/26/04 hearing (Doc. # 427): (Atty: Grady Charles Irvin, Jr.) |
| 06/09/2005 | Transcript Filed in D.C. - 4/20/05 trial (Doc. # 1037):: |
| 08/10/2005 | Fee Status: Paid (08/10/05) for Gene A. Tyrrell |
| 08/18/2005 | DKT2 (Docketing Notice) issued. To:Musilli, Ralph, Esq.; c:Bedke, Rachelle DesVaux; c:Few, Adelaide G.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:Runyon, Michael Edward; c:Sheryl L. Loesch; c:Shotwell, Tonya L.; c:Trezevant, Jay Gilchrist |
| 08/18/2005 | Probable Jurisdiction Noted: |
| 08/19/2005 | Court Reporter Financial Arrangements (from TOF / apt Tyrrell)-2/7/05-4/25/05 trial; 7/25/05 motion for release on bail pending appeal; 7/25/05 sentencing: |
| 08/22/2005 | Transcript Order Form - 2/7/05 - 4/25/05 trial (39 days); 7/25/05 sentencing; 7/25/05 motion for release on bail pending appeal (CR Sandi Lee): |
| 08/24/2005 | DKT2 (Docketing Notice) issued (apt Sinibaldi). To:Tragos, George E.; c:Bedke, Rachelle DesVaux; c:Few, Adelaide G.; c:Musilli, Ralph, Esq.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:Runyon, Michael Edward; c:Sheryl L. Loesch; c:Shotwell, Tonya L.; c:Tre |
| 08/24/2005 | Probable Jurisdiction Noted: |
| 08/24/2005 | DC Transmittal: $255 fees paid 8/19/05: |
| 08/26/2005 | Court Reporter Financial Arrangements (apt Sinibaldi) (from TOF) - 4/20/05 trial: |
| 08/26/2005 | Court Reporter Financial Arrangements (apt Sinibaldi) (from TOF) 4/13/05 trial: |
| 08/26/2005 | Court Reporter Financial Arrangements (apt Sinibaldi) (from TOF) 3/22-23/05 trial; 8/12/05 sentencing: |
| 08/29/2005 | Court Reporter Financial Arrangements - 2/7/05 - 4/25/05 trial (apt Sinibaldi) |
| 08/29/2005 | Emergency Motion for Bond Pending Appeal (incarceration date 9/12/05): |
| 08/30/2005 | (Emergency) Motion for Release on Bail Pending Appeal (report date Sept. 13, 2005) (no CIP): |
| 08/31/2005 | Certificate of Interested Persons: |
| 08/31/2005 | Response to Dean A. Sinibaldi's Emergency Motion for Release on Bond Pending Appeal: |
| 09/01/2005 | Transcript Order Form - Trial - All (2/7/05 - 4/25/05 trial (CR Sandi Lee): |
| 09/01/2005 | Court Reporter Acknowledgement - 2/7/05 - 4/25/05 trial (apt Sinibaldi): |
| 09/01/2005 | Transcript Order Form - 3/22/05, 3/23/05 trial; 8/12/05 sentencing (CR Donna Pike): |
| 09/01/2005 | Transcript Order Form - 4/13/05 trial (CR Sherrill Jackson): |
| 09/01/2005 | Transcript Order Form - 4/20/05 trial (CR Carol Jacobs): |
| 09/06/2005 | RPTR1 (Letter to court reporter) issued re: apt Tyrrell. To:Lee, Sandi; c:Bedke, Rachelle DesVaux; c:Few, Adelaide G.; c:Musilli, Ralph E., Esq.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:Runyon, Michael Edward; c:Sheryl L. Loesch; c:Shotwell, Tonya L.; |
| 09/07/2005 | The matter of Appellants' (Sinibaldi & Tyrrell) release pending appeal is REMANDED for the limited purpose of entry of an order specifying the reasons for denial. The district court is directed to enter such order as expeditiously as possible. (SFB/WHP) |
| 09/07/2005 | CLK3 (Letter to district court re limited remand) issued. To:Sheryl L. Loesch; c:Bedke, Rachelle DesVaux; c:Few, Adelaide G.; c:Kovachevich, Elizabeth A.; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:Runyon, Michael Edward; c:Shotwell,+ |
| 09/08/2005 | Court Reporter Financial Arrangements (apt Tyrrell) - CJA-24 approved (per phone call): |
| 09/08/2005 | DC Order: re: Order of Remand, Motion for Bond Pending Appeal, Response...Defendant's Motion for Bond Pending Appeal is Denied.: |
| 09/08/2005 | DC Order: re: Order of Remand, Motion for Release on Bail Pending Appeal, Response...Defendant's Motion for Release on Bail Pending Appeal is Denied.: |
| 09/09/2005 | Appellants' motions for release pending appeal are DENIED. (SFB/WHP) |
| 09/09/2005 | MOT2 (Notice of court action) issued. c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:Runyon, Michael Edward; c:Sheryl L. Loesch; c:Sho+ |
| 09/13/2005 | RPTR1 (Letter to court reporter) issued. To:Jackson, Sherrill; To:Jacobs, Carol; To:Pike, Donna; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps,+ |
| 09/14/2005 | Appearance Form Submitted. |
| 09/16/2005 | Court Reporter Acknowledgement (Carol Jacobs) - 4/20/05 transcript previously filed:: |
| 09/20/2005 | Fee Status: IFP (09/20/05) for Joseph Cuciniello |
| 09/27/2005 | Appearance Form Not Needed for Court Appointment by District Court on 09/20/05 for Cuciniello, Joseph |
| 09/27/2005 | DKT2 (Docketing Notice) issued (re: Cuciniello). To:Castillo, Daniel Lawrence; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, |

| | |
|---|---|
| | Paul I., Jr.; c:Phipps, |
| 09/27/2005 | Transcript Filed in D.C. - 3/22/05, 3/23/05 trial |
| 09/27/2005 | Probable Jurisdiction Noted (multi): (Atty: Daniel Lawrence Castillo) |
| 09/28/2005 | CJA-20 Voucher Issued to Daniel Castillo (JOESPH CUCINIELLO) |
| 09/28/2005 | CJA1 (CJA appointment of counsel letter) issued. To:Castillo, Daniel Lawrence; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps+ |
| 09/28/2005 | Transcript Filed D.C. - 2/7/05, 2/8/05, 2/9/05,2/10/05, 2/14/05, 2/15/05, 2/16/05, 2/22/05, 2/23/05, 2/24/05, 2/28/05, 3/1/05, 3/2/05, 3/3/05, 3/7/05, 3/8/05, 3/9/05, 3/14/05, 3/15/05, 3/16/05, 3/17/05, 3/21/05, 3/22/05, 3/29/05, 3/30/05, 3/31/05 trial |
| 09/28/2005 | (Cont'd) Transcript Filed in D.C.-4/4/05, 4/5/05, 4/6/05, 4/7/05, 4/11/05, 4/12/05, 4/18/05, 4/19/05, 4/20/05, 4/21/05, 4/25/05 trial |
| 09/28/2005 | Court Reporter Financial Arrangements (Cuciniello - from TOF) - 3/3/04 Faretta Hearing: |
| 09/28/2005 | Court Reporter Financial Arrangements (Cuciniello - from TOF) - 5/26/04 Discovery Hearing: |
| 09/29/2005 | Transcript Filed in D.C. - 7/25/05 sentencing |
| 09/29/2005 | Court Reporter Acknowledgement - 1/9/04 Faretta Hearing & 9/16/05 sentencing (Cuciniello): |
| 09/29/2005 | Court Reporter Financial Arrangements (Cuciniello) - 1/9/04 Faretta Hearing & 9/16/05 sentencing: |
| 09/30/2005 | Transcript Filed in D.C. - 4/13/05 trial |
| 09/30/2005 | Notice of Transcript Filing Rec. from Ct. Rptr. - 4/13/05 trial: |
| 09/30/2005 | Transcript Order Form - 1/9/04 Faretta Hearing; 2/7/05-4/25/05 trial (already filed); 9/16/05 sentencing (CR Sandi Lee): (Atty: Daniel Lawrence Castillo) |
| 09/30/2005 | Transcript Order Form - 3/3/04 Faretta Hearing (CR Diane Montana): (Atty: Daniel Lawrence Castillo) |
| 09/30/2005 | Transcript Order Form - 5/26/04 Discovery Hearing (CR Lynda Mills / Montana Reporting): (Atty: Daniel Lawrence Castillo) |
| 09/30/2005 | Transcript Order Form - 6/18/04 discovery hearing (CR Dennis Miracle): (Atty: Daniel Lawrence Castillo) |
| 09/30/2005 | Transcript Order Form - 3/22/05, 3/23/05 trial (CR Donna Pike) (already filed 9/27/05): (Atty: Daniel Lawrence Castillo) |
| 10/04/2005 | Court Reporter Acknowledgement - new CJA received for 1/9/04 Faretta hearing & 9/16/05 sentencing: |
| 10/04/2005 | Court Reporter Financial Arrangements - 1/9/04 Faretta Hearing & 9/16/05 sentencing: |
| 10/04/2005 | Court Reporter Acknowledgement - 6/18/04 discovery hearing - awaiting CJA-24 approval: |
| 10/05/2005 | Notice of Transcript Filing Rec. from Ct. Rptr. - 4/13/05 trial (Cuciniello): |
| 10/05/2005 | Notice of Transcript Filing Rec. from Rptr (Tyrrell) - 4/13/05 trial: |
| 10/05/2005 | Notice of Transcript Filing Rec. from Ct. Rptr. (Sinibaldi) 4/13/05 trial: |
| 10/06/2005 | Motion to Accept Appellant's Pro Se Filing for Consideration by the Court (Re: Emergency Motion to Allow Joseph Cuciniello a Stay of the "Turn In" Date (10/18/05)..." referring to RA 05-14420-B): (Atty: Daniel Lawrence Castillo) |
| 10/07/2005 | Response to Motion to Accept Appellant's Pro Se Filing....: (Atty: Todd B. Grandy) |
| 10/13/2005 | Appearance Form Submitted. |
| 10/17/2005 | Motion to Accept Appellant Cuciniello's Pro Se Filing, which asks that the attached pro se "Emergency Motion to Allow...a 'Stay of the Turn-in' Date be accepted & considered by the Court, is DENIED. (JFD) |
| 10/17/2005 | MOT2 (Notice of court action) issued. c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Castillo, Daniel Lawrence; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps, Tamra; c:R+ |
| 10/17/2005 | RPTR1 (Letter to court reporter) issued. To:Mills, Lynda J.; To:Montana, Diane L.; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Castillo, Daniel Lawrence; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.+ |
| 10/18/2005 | MOT2 (Notice of court action) issued. To:Castillo, Daniel Lawrence |
| 10/19/2005 | DC Endorsed Order: granting motion to withdraw as attorney...Daniel L. Castillo withdrawn from case.: (Atty: Daniel Lawrence Castillo) |
| 10/19/2005 | Notice of Transcript Filing Rec. from Ct. Rptr. - 6/18/04 discovery hearing: |
| 10/19/2005 | Transcript Filed in D.C. - 6/18/04 discovery hearing: |
| 10/20/2005 | Appearance Form Not Needed for Court Appointment by District Court on 10/17/05 for Cuciniello, Joseph |
| 10/20/2005 | DC Order: CJA-20 appointment of attorney Grady C. Irvin, Jr.: (Atty: Grady Charles Irvin, Jr.) |
| 10/21/2005 | CJA-20 Voucher Issued to Grady Irvin (JOSEPH CUCINIELLO) |
| 10/21/2005 | CJA1 (CJA appointment of counsel letter) issued. To:Irvin, Grady Charles, Jr.; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps+ |
| 10/27/2005 | RPTR2 (Letter to court reporter) issued. To:Pike, Donna; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Irvin, Grady Charles, Jr.; c:Kovachevich, Elizabeth A.; c:Musilli, Ralph+ |

10/28/2005 Appearance Form Not Needed for Court Appointment by District Court

10/28/2005 DC Order: Appointment of Counsel Ralph Musilli to represent defendant Gene A. Tyrell on appeal.: (Atty: Ralph E. Musilli)

11/01/2005 CJA-20 Voucher Issued to Ralph Musilli (GENE A. TYRRELL)

11/01/2005 CJA1 (CJA appointment of counsel letter) issued. To:Musilli, Ralph E.; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Irvin, Grady Charles, Jr.; c:Perez, Paul I., Jr.; c:Phipps+

11/08/2005 Transcript Filed in D.C. - 1/9/04 Faretta Hearing (Doc. # 1332); 9/16/05 sentencing (Doc. # 1333): (Atty: Grady Charles Irvin, Jr.)

11/08/2005 Notice of Transcript Filing Rec. from Ct. Rptr. - 1/9/04 Faretta Hearing, 4/25/05 trial, 9/16/05 sentencing (Cuciniello):

11/18/2005 RPTR5 (Letter to court reporter) issued. To:Pike, Donna; c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Irvin, Grady Charles, Jr.; c:Kovachevich, Elizabeth A.; c:Musilli, Ralph+

12/30/2005 Transcript Filed in D.C. - 8/12/05 sentencing (Doc. # 1421): (Atty: George E. Tragos)

01/10/2006 Briefing Notice Issued

01/10/2006 BR1 (Letter confirming brief due date) issued. c:Bedke, Rachelle DesVaux; c:Bodnar, Roberta Josephina; c:Few, Adelaide G.; c:Grandy, Todd B.; c:Harrison, Yvette Rhodes; c:Irvin, Grady Charles, Jr.; c:Musilli, Ralph E.; c:Perez, Paul I., Jr.; c:Phipps, T+

02/08/2006 Appellant Brief Filed: (Atty: George E. Tragos)

02/08/2006 Record Excerpts: (Atty: George E. Tragos)

02/09/2006 Appearance Form Submitted.

02/09/2006 E-Brief Tendered: Appellant by George E. Tragos for Dean A. Sinibaldi

02/09/2006 E-Brief Tendered: Appellant by Ralph E. Musilli for Gene A. Tyrrell

02/13/2006 Appellant Brief Filed: (Atty: Ralph E. Musilli)

02/13/2006 Record Excerpts: (Atty: Ralph E. Musilli)

02/15/2006 Motion for Extension to File Appellant Brief: (Atty: Grady Charles Irvin, Jr.)

02/27/2006 Appellant's out-of-time motion for extension of time to file appellant Cuciniello's initial brief and record excerpts, up to and including 03/27/06, is GRANTED. (SFB)

02/27/2006 MOT2 (Notice of court action) issued. To:Grady Charles Irvin, Jr.; c:George E. Tragos; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

03/29/2006 2nd Motion for Extension to File Appellant Brief: (Atty: Grady Charles Irvin, Jr.)

04/12/2006 APLT Cuciniello's "Motion for Ext. of Time, and Motion to File Initial Brief Out of Time," construed as a motion to file an out of time motion for an ext. of time, is GRANTED. Brief/record excerpts are due 60 days of the date of this Order. (SFB)

04/12/2006 MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

04/17/2006 Renewed Motion for Release Pending Appeal: (Atty: Ralph E. Musilli)

04/19/2006 Over the Phone Extension to File Response to Renewed Motion to Release Pending Appeal Granted by jls Until 04/26/06: (Atty: Todd B. Grandy)

04/19/2006 Joint Motion to Sever for Appellant's Tyrrell and Sinibaldi: (Atty: Peter Anthony Sartes)

04/19/2006 Response to Motion to Sever: rec'd on 04/17 (Atty: Todd B. Grandy)

04/26/2006 Response to Motion: in Opposition to Tyrrell's Renewed Motion for Release Pending Appeal. (Atty: Todd B. Grandy)

05/02/2006 Appellant Tyrrell's renewed motion for release pending appeal is DENIED. Appellants Tyrrell's and Sinibaldi's motion to sever the appeal of Appellant Cuciniello is DENIED. (SFB)

05/02/2006 MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

06/09/2006 DC Order: The defendant Cucinielo's Motion to Terminate Court Appointed Appellate Attorney and to Procced with Appeals and Motions Pro Se and IFP is DENIED without prejudice. The Def. can file the molton with the Clerk for the USCA. (Mark Pizzo)

06/12/2006 Appellant's Cuciniello 3rd Motion for Extension of Time to File Appellant's Brief

06/15/2006 Appellant Cuciniello's 3rd motion for extension of time in which to file the initial brief and record excerpts, up to and including August 11, 2006, is GRANTED. (SFB)

06/15/2006 MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

06/29/2006 Joint Motion to Sever: (Atty: George E. Tragos): (Atty: Ralph E. Musilli)

07/06/2006 Response to Motion: (Atty: Todd B. Grandy)

07/18/2006 Amended Joint Motion to Sever: (Atty: Ralph E. Musilli)

08/11/2006 4TH Motion for Extension to File Appellant Brief: (Atty: Grady Charles Irvin, Jr.)

08/15/2006 Response to Motion: 4th Extension of Time - Cuciniello (Atty: Todd B. Grandy)

08/16/2006  Amended 4th Motion for Extension to File Appellant Brief: (Atty: Grady Charles Irvin, Jr.)

08/22/2006  APPT Cuciniello's 4th motion for an EXT of time is GRANTED. Brief and record excerpts will be due 60 days of the date of this Order. Absolutely no further EXTs will be granted. APLTs Tyrrell's and Sinibaldi's MTN to sever the appeal is DENIED. (RLA)

08/22/2006  MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

08/22/2006  See 08/22/06 Motions Order.

09/27/2006  Motion to Dismiss Court Appointed Attorney/Proceed Pro Se: (Appellant himself)

10/23/2006  Appellant Brief Filed: M 10/27/06 PTD (pagination & ebrf)(Atty: Grady Charles Irvin, Jr.)

10/23/2006  Record Excerpts: M 10/27/06 PTD (tabs)(Atty: Grady Charles Irvin, Jr.)

10/24/2006  BR8 (Brief deficiency letter) issued. To:Grady Charles Irvin, Jr.; c:George E. Tragos; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

10/24/2006  EXC-1 (Record Excerpts deficiency letter) issued. To:Grady Charles Irvin, Jr.; c:George E. Tragos; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

11/14/2006  Motion for Extension to File Appellee Brief: (Atty: Todd B. Grandy)

11/14/2006  E-Brief Tendered: Appellant by Grady Charles Irvin, Jr.

11/20/2006  Appellee's motion for a 44 day extension of time in which to file the response brief, up to and including January 5, 2007, is GRANTED. (CRW)

11/20/2006  MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

11/20/2006  Response to Motion for Extension of Time: (Atty: Ralph E. Musilli)

11/28/2006  The motion to discharge counsel and to proceed pro se, filed by appellant Cuciniello himself, is DENIED. (RB)

11/28/2006  MOT2 (Notice of court action) issued. To:Joseph Cuciniello; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

11/28/2006  PRO1 (Letter to pro se) issued. To:Joseph Cuciniello

12/28/2006  Motion to File Excess Pages: (Atty: Todd B. Grandy)

01/08/2007  Appellee's motion for leave to file a brief of up to 19,000 words is DENIED. Appellee's brief, of no more than 17,000 words, will be due with 14 days of the date of this Order. (JFD)

01/08/2007  MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

01/23/2007  Appellee Brief Filed: (Atty: Todd B. Grandy)

01/23/2007  E-Brief Tendered: Appellee by Todd B. Grandy

02/06/2007  E-Brief Tendered: Reply by Ralph E. Musilli

02/06/2007  E-Brief Tendered: Reply by George E. Tragos

02/08/2007  Reply Brief Filed: (Atty: Ralph E. Musilli)

02/08/2007  Reply Brief Filed: (Atty: Peter Anthony Sartes)

02/12/2007  Record on Appeal: (Atty: Grady Charles Irvin, Jr.)

02/12/2007  Exhibits: (Atty: Grady Charles Irvin, Jr.)

02/12/2007  PSI: (Atty: Grady Charles Irvin, Jr.)

02/12/2007  PSI: (Atty: Peter Anthony Sartes)

02/12/2007  PSI: (Atty: Ralph E. Musilli)

02/12/2007  Certificate of Readiness

04/16/2007  Motion to Exceed Time Limit in Oral Argument (Atty: George E. Tragos)

04/17/2007  Attorney Changed for: Dean A. Sinibaldi From: Peter Anthony Sartes (727) 441-9030 peter(at)greeklaw.com To: Tragos, George E..

05/04/2007  MP-1 (Multi-Purpose letter) issued. To:Joseph Cuciniello

07/19/2007  Motion to Exceed Time Limit in Oral Argument is DENIED. JLE

07/19/2007  MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

07/19/2007  Motion of Defendant Gene A. Tyrrell's Counsel for Order of Court Allowing Attorney Fees in Excess of $5,000.00.: (Atty: Ralph E. Musilli)

07/24/2007  PRO3 (Letter returning papers unfiled) issued. To:Grady Charles Irvin, Jr.

07/30/2007  Supplemental Authority for Appellant: (Atty: George E. Tragos)

08/01/2007  Oral Argument Scheduled: 08/01/07

08/07/2007  Ralph E. Musilli argued for Appellant; George E. Tragos argued for Appellant; Grady Charles Irvin, Jr. argued for Appellant; Todd B. Grandy argued for Appellee

08/13/2007  Motion of Defendant Joseph Cuciniello for Order of Court Allowing Attorney Fees in Excess of $5,000.00.: : (Atty: Grady Charles Irvin, Jr.)

12/07/2007 MP-1 (Multi-Purpose letter) issued. To:Joseph Cuciniello

01/07/2008 Motion to Compel: (Appellant Himself)

01/10/2008 MOT2 (Notice of court action) issued. To:Grady Charles Irvin, Jr.; To:Joseph Cuciniello; c:George E. Tragos; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

01/18/2008 Notice of Filing: (from Aplt himself) Atty Irvin's response to FI bar and Aplt's rebuttal

01/24/2008 Response to Motion to Compel (Atty: Grady Charles Irvin, Jr.)

02/01/2008 MP-1 (Multi-Purpose letter) issued. To:George E. Tragos

02/01/2008 Notice of Filing: Reply in Support of his Motion to Compel (Cuciniello)

03/17/2008 The "Petition for Writ of Mandamus", filed by APLT Cuciniello himself, which asks this Court to compel Attorney Grady Irvin to file APLT's "'Notice of Felony' package" is DENIED. (PTF)

03/17/2008 Judgment Entered

03/17/2008 MOT2 (Notice of court action) issued. To:Joseph Cuciniello; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

03/17/2008 OPIN1 (Notice of issuance of opinion) issued. c:Elizabeth A. Kovachevich; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

03/17/2008 Opinion Issued-05-14614X, 05-15290X.

03/18/2008 MOT2 (Notice of court action) issued. To:Joseph Cuciniello

04/02/2008 Motion to Dismiss Court Appointed Attorney and Motion to Stay the Order of Appeal and Grant a Motion of Reconsideration and a New Hearing (Appellant Pro Se)

04/03/2008 MOT2 (Notice of court action) issued. To:Grady Charles Irvin, Jr.; c:Joseph Cuciniello

04/07/2008 Motion to File Supplemental Brief: Alternatively File Petition for Rehearing (Atty: Ralph E. Musilli)

04/07/2008 Motion to File Supplemental Brief: Alternatively File Petition for Rehearing (Atty: George E. Tragos)

04/07/2008 Petition for Rehearing En Banc: (Atty: Ralph E. Musilli)

04/18/2008 Response to Motion: to Dismiss Court Appointed Counsel and Motion to Stay the Order of Appeal and Grant a Motion of Reconsideration and a New Hearing (Atty: Grady Charles Irvin, Jr.)

04/18/2008 Response to Motions of Sinibaldi and Tyrrell to File Supplemental Briefs (Atty: Todd B. Grandy)

06/09/2008 The Petition(s) for Rehearing are DENIED and no Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, the Petition(s) for Rehearing En Banc are DENIED.

06/09/2008 REHG1 (Letter enclosing order) issued. To:Ralph E. Musilli; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Todd B. Grandy

06/11/2008 Amended Motion to File Supplemental Brief: Atlernatively File Petition for Rehearing (Atty: George E. Tragos)

06/16/2008 Response to Motion: (Atty: Todd B. Grandy)

07/30/2008 APLTs Tyrrell's & Sinibaldi's MTNS are DENIED. Cuciniello's MTN to discharge counsel is DENIED. Cuciniello's MTN for EXT of time to file a PTN for REH. is GRTD IN PART to the extent that APLT's PFR is due 21 days of the date of the Order.JLE, EEC, PTF

07/30/2008 MOT2 (Notice of court action) issued. c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Joseph Cuciniello; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

07/30/2008 MP-1 (Multi-Purpose letter) issued. To:Joseph Cuciniello; c:Grady Charles Irvin, Jr.

08/18/2008 Pro Se Petition for Rehearing En Banc: M 08/27 (Joseph Cuciniello)

08/20/2008 MP-1 (Multi-Purpose letter) issued. To:Joseph Cuciniello

09/11/2008 MOOT Motion for Release Pending Appeal: (Appellant himself)

09/22/2008 Response to Motion: (Atty: Todd B. Grandy)

09/29/2008 The Petition(s) for Rehearing are DENIED and no Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, the Petition(s) for Rehearing En Banc are DENIED.

09/29/2008 REHG1 (Letter enclosing order) issued. To:Joseph Cuciniello; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

10/07/2008 Record and Exhibits Returned to District Court: 3 psi's.

10/07/2008 CASE CLOSED-Mandate Issued

10/07/2008 Mandate Issued

10/07/2008 MDT1 (Letter issuing mandate) issued. To:Sheryl L. Loesch; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Ralph E. Musilli; c:Todd B. Grandy

11/03/2008 Motion of Defendant Gene A. Tyrrell's Counsel for Order of Court Allowing Attorney Fees in Excess of $5,000.00 is GRANTED. (PTF)

11/03/2008 MOT2 (Notice of court action) issued. To:Ralph E. Musilli; c:George E. Tragos; c:Grady Charles Irvin, Jr.; c:Peter Anthony Sartes; c:Todd B. Grandy

11/07/2008 Notice of Filing Certiorari: SC # 08-590 (Atty: George E. Tragos)

11/24/2008 Motion of CJA Counsel Grady C. Irvin, Jr. for order of court allowing for attorney's fees to exceed fee cap, is GRANTED. (PTF)

11/24/2008 MOT2 (Notice of court action) issued. To:Grady Charles Irvin, Jr.; c:George E. Tragos; c:Peter Anthony Sartes; c:Ralph

E. Musilli; c:Todd B. Grandy
12/04/2008 Certiorari Denied: SC # 08-590 (Atty: George E. Tragos)
12/08/2008 MDT-4 (Notice of certiorari denial to district court) issued. To:Sheryl L. Loesch; c:Elizabeth A. Kovachevich
01/26/2009 Notice of Filing Certiorari: SC# 08-910 (Atty: Ralph E. Musilli):
06/19/2009 Certiorari Denied (#08-910): (Atty: Ralph E. Musilli)
08/03/2009 REC3 (Letter returning record to district court) issued. To:Sheryl L. Loesch
08/03/2009 Record and Exhibits Returned to District Court: v. 7, 9, 12, 15, 47, 61, 65, 67, 2 fld. of exh., 2 env. of exh.

**Date**                 **Description**
                         No Pending Motions

# No Information is Available for this case

# No Information is Available for this case

**Additional Case Information**
Clerk: Camp, Jan
Clerk Phone: (404) 335-6171
Docket #: 02-00111-CR-T-17MAP
Judge: Elizabeth A. Kovachevich
Dkt Date: 03/27/2002
District: Florida-Middle
Noa Date: 08/10/2005
Office: MFL-Tampa

Copyright © 2010 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

Search



# SUPREME COURT
### OF THE UNITED STATES

Search: ○ All Documents ● Docket Files
For Search Term: [                    ]
[ Search ]  [ Help ]

Home   Search Results

⌐ Printer-Friendly Version

⋉ **Supreme Court Documents**

**Docket** ▶
**Oral Arguments** ▶
**Merits Briefs** ▶
**Bar Admissions** ▶
**Court Rules** ▶
**Case Handling Guides** ▶
**Opinions** ▶
**Orders and Journals** ▶

⋉ **Supreme Court Information**

**About the Supreme Court** ▶
**Visiting the Court** ▶
**Public Information** ▶
**Jobs** ▶
**Links** ▶

No. 08-590
Title:              . Dean A. Sinibaldi, Petitioner
                      v.
                    United States
Docketed:          November 4, 2008
Lower Ct:          United States Court of Appeals for the Eleventh Circuit
  Case Nos.:       (05-14492)
  Decision Date:   March 17, 2008
  Rehearing Denied: July 30, 2008

~~~Date~~~        ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~
Oct 29 2008       Petition for a writ of certiorari filed. (Response due December 4, 2008)
Nov 7 2008        Waiver of right of respondent United States to respond filed.
Nov 10 2008       DISTRIBUTED for Conference of November 25, 2008.
Dec 1 2008        Petition DENIED.

~~Name~~~~~~~~~~~~~~~~~~~~           ~~~~~~~Address~~~~~~~~~~~~~~~~~~           ~~Phone~~~
**Attorneys for Petitioner:**
Douglas A. Trant                     900 S. Gay Street                          (865) 525-9780
                                     Suite 1502 Riverview Tower
                                     Knoxville, TN 37902
  Party name: Dean A. Sinibaldi
**Attorneys for Respondent:**
Gregory G. Garre                     Solicitor General                         (202) 514-2217
                                     United States Department of Justice
                                     950 Pennsylvania Avenue, N.W.
                                     Washington, DC 20530-0001
  Party name: United States